THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD THOMAS, et al,
*Plaintiffs*,

v.

OCWEN LOAN SERVICING, LLC,
*Defendant.*

Civil Action No. ELH-17-218

**MEMORANDUM**

On January 24, 2017, Donald and Annie Thomas, the self-represented plaintiffs, filed suit against Ocwen Loan Servicing, LLC ("Ocwen"), alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), as amended, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"). ECF 1. They also assert that Ocwen "committed mortgage fraud" against them. *Id.* at 6. Therefore, I shall construe plaintiffs' allegation of mortgage fraud as a claim under the Maryland Mortgage Fraud Protection Act ("MMFPA"), as amended, Md. Code (2015 Repl. Vol., 2016 Supp.), §§ 7-401, *et seq.* of the Real Property ("R.P.") Article.[1] Plaintiffs seek a total of $304,931.18 in damages, including $95,700.18 in mortgage payments, $9,231 in attorneys' fees, and $200,000 for "years of mental stress, pain and suffering." ECF 1 at 7.

According to plaintiffs, they "asked for years for [their] transactional history from the beginning of the loan, to present." *Id.* Nevertheless, Ocwen never provided that history. *Id.* Plaintiffs also allege that Ocwen "ignored multiple requests from [their] attorney." *Id.* Further, plaintiffs assert that in 2014, Ocwen submitted fraudulent claims in a proof of claim filed in the

---

[1] In its motion to dismiss (ECF 4), Ocwen maintains that plaintiffs assert a common law fraud claim. However, because the Maryland General Assembly has specifically enacted the MMFPA to address mortgage fraud, I assume that plaintiffs assert their claim under that statute. Nevertheless, the distinction is not material at this juncture.

Thomas's bankruptcy action. *Id.*[2] According to plaintiffs, "Ocwen fully intends to sell [their] home using any duplicitous tactic they can use to forcibly remove [them] from [their] home." *Id.*

Ocwen filed a motion to dismiss on April 10, 2017, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 4. It is supported by a memorandum of law (ECF 4-1) (collectively, "Motion") and an exhibit. ECF 4-2.

Thereafter, on May 17, 2017, the Clerk mailed a letter to each plaintiff (ECF 8; ECF 9), informing them of their right to file a response to the Motion within seventeen days of the date of the letter. ECF 8; ECF 9. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The letters also warned that failure to respond could result in the entry of judgment, without further notice. *Id.* Nevertheless, plaintiffs did not respond to the Motion (*see* docket) and the time to do so has passed.

---

[2] The bankruptcy case was filed on July 10, 2013, in the United States Bankruptcy Court for the District of Maryland. *In re Donald Thomas, Sr. and Annie Thomas*, Case JFS-13-21751 (Bankr. D. Md.). Ocwen filed a proof of claim in that action on November 27, 2013. *See id.*, ECF 43. Judge Schneider dismissed the bankruptcy case on May 15, 2014. *Id.*, ECF 59.

"[A] court may properly take judicial notice of 'matters of public record' and other information that, under Fed. R. Evid. 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Pursuant to Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

In *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990), the Fourth Circuit recognized that a district court may "properly take judicial notice of its own records." And, courts may take judicial notice of publicly available records without converting a motion to dismiss to a motion for summary judgment. *See, e.g.*, *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) ("[C]ourts are permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment.").

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the motion.

## I. Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ___, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) ("In *Iqbal*, the Court made clear that this heightened standard applied to all civil actions . . . ."). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting

the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555–56 (2007). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman* ).

Under limited exceptions, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel. Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Int'l Longshoreman's Ass'n., Local 333 v. Int'l Longshoremen's Ass'n., AFL-CIO*, ___ Fed. App'x ___, 2017 WL 1628979 (4th Cir. May 2, 2017); *Kensington Volunteer Fire Dep't. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id*.

The Motion is unopposed. Nevertheless, the Court "has an obligation to review" it "to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014) (collecting cases); *accord Thana v. Bd. of License Commissioners for Charles Cty., Maryland*, No. PWG-14-3481, 2017 WL 57211, at *1 (D. Md. Jan. 5, 2017), *on appeal*, No. 17-1192 (4th Cir. 2017). Moreover, the Court must construe liberally the pleadings of a pro

se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

## II. Discussion

### A. Mortgage Fraud

As indicated, plaintiffs assert that Ocwen engaged in "mortgage fraud." ECF 1 at 6.

The MMFPA prohibits mortgage fraud. R.P. § 7-402. It is defined in R.P. § 7-401(d), as follows:

> [A]ny action by a person made with the intent to defraud that involves:
>
> (1) Knowingly making any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intent that the misstatement, misrepresentation, or omission be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;
>
> (2) Knowingly creating or producing a document for use during the mortgage lending process that contains a deliberate misstatement, misrepresentation, or omission with the intent that the document containing the misstatement, misrepresentation, or omission be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;
>
> (3) Knowingly using or facilitating the use of any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intent that the misstatement, misrepresentation, or omission be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;
>
> (4) Receiving any proceeds or any other funds in connection with a mortgage closing that the person knows resulted from a violation of item (1), (2), or (3) of this subsection;
>
> (5) Conspiring to violate any of the provisions of item (1), (2), (3), or (4) of this subsection; or
>
> (6) Filing or causing to be filed in the land records in the county where a residential real property is located, any document relating to a mortgage loan that the person knows to contain a deliberate misstatement, misrepresentation, or omission.

Under the MMFPA, the Commissioner of Financial Regulation of the State Department of Labor, Licensing, and Regulation may enforce the statute. R.P. § 7-404.1; *see id.* § 7-401(a)(1) (defining "Commissioner"). But, R.P. § 7-406(a) authorizes individuals to bring actions for damages under the MMFPA, without first exhausting an administrative process.

In general, claims that sound in fraud, whether rooted in common law or arising under a statute, implicate the heightened pleading standard under Fed. R. Civ. P. 9(b). *See, e.g.*, *United States ex rel. Szymoniak v. Am. Home Mortg. Servicing, Inc*, ___ Fed. App'x ___, 2017 WL 634705, at *1 (4th Cir. Feb. 16, 2017) ("Because claims under the [False Claims] Act sound in fraud, plaintiffs must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)."); *E–Shops Corp. v. U.S. Bank N.A.,* 678 F.3d 659, 665 (8th Cir. 2012) ("Rule 9(b)'s heightened pleading requirement also applies to statutory fraud claims."); *see also Spaulding v. Wells Fargo Bank, N.A.,* 714 F.3d 769, 781 (4th Cir. 2013) (stating that a Maryland Consumer Protection Act claim that "sounds in fraud, is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)").

Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." A plaintiff alleging claims that sound in fraud "'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *United States ex rel. Owens v. First Kuwaiti Gen'l Trading & Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010) (citation omitted). In other words, "'Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Crest Construction II, Inc. v. Doe,* 660 F.3d 346, 353 (8th Cir. 2011) (citation omitted).

Ocwen argues that dismissal is appropriate because plaintiffs have not satisfied the heightened pleading standard of Rule 9(b). ECF 4-1 at 4-5. I agree.

The entirety of plaintiffs' fraud allegation is that Ocwen submitted a fraudulent proof of claim in plaintiffs' bankruptcy proceeding. ECF 1 at 6. Construing their allegations liberally, plaintiffs arguably have alleged the maker of the false representation (Ocwen) and the time and place of the false representation (proof of claim in the bankruptcy proceeding). *See id.* But, they have made no allegation concerning the content of the misrepresentation. *See id.* Without a description of the content of the alleged misrepresentation and the nature of the fraud, the Court cannot conclude that plaintiffs have complied with the requirements of Rule 9(b). Accordingly, dismissal is appropriate under Rule 12(b)(6).

### B. RESPA

Plaintiffs also claim that Ocwen failed "to comply with RESPA . . . ." ECF 1 at 6.[3]

Congress enacted RESPA in order "to insure that consumers . . . are provided with greater and more timely information on the nature and costs of the [mortgage loan] settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices . . . ." 12 U.S.C. § 2601. Under RESPA, a mortgage servicer must respond to, or take action on, a borrower's qualified written request ("QWR"). 12 U.S.C. § 2605(e)(2).

A QWR is a "written request from the borrower . . . for information relating to the servicing of [a] loan." 12 U.S.C. § 2605(e)(1)(A). RESPA defines a QWR as written correspondence from a borrower that "(i) includes, or otherwise enables the servicer to identify,

---

[3] Plaintiffs also appear to assert a claim under the "Federal Servicer Act. 12 U.S.C. § 2605(e)." I am not aware of a Federal Servicer Act, but note that 12 U.S.C. § 2605(e) is part of RESPA.

the name and account of the borrower," and "(ii) includes a statement of the reasons for the belief of the borrower . . . that the account is in error . . . ." *See* 12 U.S.C. §§ 2605(e)(1)(B).

Upon receipt of a QWR from a borrower, § 2605(e)(2) requires a mortgage servicer to:

> (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
>
> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
>
>> (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>>
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
>
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
>
>> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>>
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

A servicer's failure to respond to a QWR, as required, entitles a borrower to recover actual damages as well as statutory damages in cases showing a "pattern or practice of noncompliance." 12 U.S.C. § 2605(f). "In order to state a claim for a violation of RESPA's QWR provisions, the borrower must demonstrate (1) a written request that meets RESPA's definition of a QWR, (2) the servicer failed to perform its duties, and (3) actual damages." *IAR Family Trust v. Suntrust Mortgage, Inc.*, 3:13-CV-418-GCM, 2014 WL 1432378, at *3

(W.D.N.C. Apr. 14, 2014); *see also Bourdelais v. JPMorgan Chase Bank, N.A.*, 3:10-CV-670, 2012 WL 5404084 (E.D. Va. Nov. 5, 2012).

Dismissal is appropriate under Rule 12(b)(6) when a plaintiff fails plausibly to allege that his or her request sent to the servicer was a qualified written request. *Fedewa v. J.P. Morgan Chase Bank, Nat. Ass'n*, 921 F. Supp. 2d 504, 510 (E.D. Va. 2013), is informative. In *Fedewa*, the court observed, *id.*: "The Complaint contains no details as to the substantive content of the request, when the requests were sent by Plaintiffs and received by Defendant, or whether the form of the requests comported with the requirements of RESPA." The *Fedewa* Court also noted, *id.*: "There is no indication of whether Plaintiffs' requests were oral or written, and if the requests were written, they are not part of the record. In any event, Plaintiffs' Complaint does not describe the requests as having been written." Given these facts, the court granted defendants' motion to dismiss, explaining, *id.* at 510-511: "Because Plaintiffs do not provide the aforementioned details regarding their requests, the plain language of the statute indicates that Defendant may not be held liable for failure to respond to these inquiries."

Here, as in *Fedewa*, plaintiffs have not plausibly alleged that any of their requests for information from Ocwen were qualified written requests. ECF 1 at 6; *see* 12 U.S.C. §§ 2605(e)(1)). In particular, plaintiffs do not state that they submitted their requests to Ocwen in writing; do not specify to whom they sent their requests; and do not allege the dates (or approximate dates) that they submitted their requests. *See id.* Moreover, plaintiffs do not provide any level of detail as to the content of their purported requests. *See id*. Because plaintiffs have failed to include these facts in the Complaint, they have failed to allege plausibly that their requests to Ocwen were qualified written requests. Accordingly, plaintiffs have failed to state a claim under RESPA.

### III. Conclusion

In view of the foregoing, plaintiffs have failed to state claims under both the MMFPA and RESPA. Therefore, I shall GRANT the Motion to Dismiss (ECF 4), without prejudice. Plaintiffs may file an amended complaint, curing the defects discussed above, within the time provided in the accompanying Order.

An Order follows, consistent with this Memorandum.


Date: June 19, 2017

/s/
Ellen Lipton Hollander
United States District Judge